Tai v. Holder

BIA
Videla, IJ
A087 441 715

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand thirteen.

PRESENT:
>        DENNIS JACOBS,
>                *Chief Judge,*
>        GERARD E. LYNCH,
>        RAYMOND J. LOHIER, JR.,
>                *Circuit Judges.*

_____

HUAZI TAI,
>        *Petitioner,*

>        v.                                    11-4929
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Lewis G. Hu, Law Offices of Lewis Hu, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Yamileth G. Davila, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Huazi Tai, a native and citizen of the People's Republic of China, seeks review of an October 25, 2011, decision of the BIA affirming the January 20, 2010, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huazi Tai*, No. A087 441 715 (B.I.A. Oct. 25, 2011), *aff'g* No. A087 441 715 (Immig. Ct. N.Y. City Jan. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "The substantial evidence standard of review applies and we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted). For asylum

applications such as Tai's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," or any inconsistency or omission in an asylum applicant's statements, "without regard to whether the inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Tai challenges the agency's negative demeanor findings, explaining that she was hesitant to answer the IJ's questions because she realized that her attorney had made mistakes in preparing her application, and she was trying to decide whether to protect him.  However, Tai's argument misapprehends the "degree of deference" that is given to an IJ's assessment of demeanor.  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).  Where, as here, the agency's demeanor findings were not based on a misstatement of the record, *cf. Li Zu Guan v. INS*, 453 F.3d 129, 139-40 (2d Cir. 2006), but rather were "tethered to the evidentiary record," *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007), Tai's

explanation for her poor demeanor is insufficient to compel a reasonable fact-finder to credit her testimony. *Majidi*, 430 F.3d at 80-81.

Tai also challenges the agency's determination that an abortion certificate stating that her abortion was voluntary undermined her testimony that her abortion was involuntary. First, Tai "assumes" that the voluntary language in the abortion certificate was false as to her voluntariness because a doctor could have been told to write it that way. However, the agency reasonably relied on this discrepancy in reaching its adverse credibility determination, because "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Tai's explanation is insufficient to compel a reasonable fact-finder to credit her testimony, *Majidi*, 430 F.3d at 80-81, given that the evidentiary record and background information tended to contradict that explanation.

Tai also asserts that the agency erred in concluding that her testimony was untruthful simply because she was ignorant of the contents of the abortion certificate.

4

However, the IJ discredited her testimony not because of her ignorance of her supporting documents, but rather because the documents "directly contradict[ed]" her testimony. Tai further contends that the agency erred in discrediting her testimony because the discrepancies resulted from her former attorney's mistakes in submitting contradictory evidence. However, this explanation is not properly before us, as Tai neither presented this explanation nor raised a claim of ineffective assistance of counsel before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (describing the issue exhaustion requirement as mandatory).

Finally, the IJ found that Tai failed to rehabilitate her discrepant testimony by calling her husband to testify. Tai argues that her husband's testimony was not "indispensable," as he was an interested witness, and as she otherwise sufficiently corroborated her claim. However, Tai's argument misapprehends her burden of proof: once an IJ has reasonably called testimony into question, the IJ may require an applicant to corroborate it. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

The demeanor finding, inconsistencies, and lack of corroboration provide substantial evidence to support the

adverse credibility determination. *See* 8 U.S.C.
§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.  As the
only evidence of a threat to Tai's life or freedom depended
upon her credibility, the adverse credibility determination
is dispositive of her claims for asylum, withholding of
removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d
148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of
Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is
DENIED.  As we have completed our review, petitioner's
motion for a stay of removal in this petition is DENIED as
moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk